# EXHIBIT 2

# CEASE AND DESIST LETTER



600 MASSACHUSETTS AVE., NW    WASHINGTON, DC 20001
**T** 202.344.4000  **F** 202.344.8300  www.Venable.com

September 21, 2023

Ari N. Rothman

**T (202) 344-4220**
**F (202) 344-8300**
anrothman@venable.com

## VIA EMAIL AND FEDERAL EXPRESS

Mr. Bryan Chapman
3620 East Edwards Road
Ashland, Missouri 65010
bryan65039@embarqmail.com
bryan65039@gmail.com

> Re:   Demand to Cease and Desist Using West Shore Home, LLC Confidential &
>       Trade Secret Information, and Breaching Your Employment Agreement;
>       Litigation Hold Required

Dear Mr. Chapman:

My firm is outside counsel for West Shore Home, LLC ("West Shore"), and I write on West Shore's behalf to demand that you immediately: (1) cease and desist using and disclosing, in violation of your employment agreement, West Shore confidential information and trade secret information, including such information that you obtained while working at West Shore; (2) cease and desist communicating and interfering with West Shore's relationships with its business partners in violation of your employment agreement; (3) otherwise comply with all of your confidentiality obligations set forth in your employment agreement; (4) identify, preserve, and produce copies of the documents and information requested by this correspondence; and (5) comply with the other demands herein.

The facts warranting West Shore's demands include the following:

West Shore hired you in January 2023 as Vice President of Supply Chain. When West Shore hired you, you executed a written employment agreement prohibiting you from using or disclosing West Shore's confidential information, and from interfering with the relationship between any West Shore customer, contractor, consultant, vendor, or supplier. On March 20, 2023, you executed an updated employment agreement that contained materially identical provisions. Your employment agreements are enclosed herewith and state:

> Confidential Information; Samples and Other Materials. […] Employee agrees that during the period in which the Employee is employed by WSH and for three (3) years thereafter, Employee will not, directly or indirectly, either individually or as an employee, agent, partner, shareholder, owner, trustee, beneficiary, member, manager, co-venturer, distributor, consultant, contractor, or in any other capacity, use or disclose or cause to be used or disclosed any Confidential Information.



Mr. Bryan Chapman
September 21, 2023
Page 2

> Return of Confidential Information and other WSH Property. Employee agrees to return to WSH immediately upon termination of Employee's employment under this Agreement any and all copies of Confidential Information in Employee's possession or control, whether in hard copy, electronic, or any other form, and all other property of WSH in Employee's possession.

> Non-Solicitation.  During (i) Employee's employment with WSH and (ii) for a period of twenty-four (24) months from the date that Employee's employment with WSH terminates for any reason (the "Restricted Period"), Employee shall not directly or indirectly: (i) facilitate, induce or attempt to induce any employee of WSH to leave the employ of WSH, or in any way interfere with the relationship between WSH and any employee thereof; (ii) hire or contract for services from any person who was an employee of WSH at any time during Employee's employment with WSH; (iii) encourage any customer, potential customer, contractor, consultant, vendor, or supplier to terminate their relationship with WSH or otherwise interfere with the relationship between any customer, contractor, consultant, vendor, or supplier and WSH; […]

(Enclosure 1 at Sections 5(b), 6(a)–(b); see also Enclosure 2 at Sections 8–9.)

By executing your employment agreements, you also agreed that a breach of the foregoing provisions would cause irreparable injury to West Shore, and that West Shore would be entitled to seek remedies, damages, and injunctive relief to enforce these provisions. (Enclosure 1 at Section 7(b); Enclosure 2 at Section 11.)

West Shore terminated your employment on August 25, 2023, due to serious misconduct including because you distributed a mass request for information disclosing vital information regarding West Shore's confidential supply chain objectives without first vetting the suitability of the recipients, considering their actual or potential relationships with existing West Shore suppliers or competitors, or obtaining non-disclosure agreements when you knew the importance of maintaining the confidentiality of supply chain relationships, objectives, and strategies. Concurrent with your termination, West Shore wrote and delivered to you a termination letter demanding you return all West Shore documents or information, including any notebooks containing West Shore information, training materials, tools, and any other West Shore property in your possession.  The letter also reminded you about your confidentiality and non-solicitation obligations set forth in your employment agreements.  West Shore also instructed you to delete and destroy all West Shore confidential information in your possession and to send confirmation of the same by 4:30 pm ET on Saturday, August 26, 2023.  To date, you have not sent any such confirmation.

Despite the clear instructions in your termination letter, and the unambiguous confidentiality and non-solicitation obligations surviving termination in your employment



Mr. Bryan Chapman
September 21, 2023
Page 3

agreements, you repeatedly breached your employment agreements. For example, on August 31, 2023, you sent an email to West Shore referencing photos you apparently have reflecting West Shore equipment, notes you took during private West Shore conference calls discussing confidential and trade secret information in which you participated, and other confidential information you continue to possess despite your obligation to have returned, deleted and stopped using such information. Then, on September 15, 2023, at 1:25 p.m., you emailed a West Shore business partner and attached the same confidential request for information that led, in large part, to your termination. On September 19, 2023, at 3:09 pm, you replied via email to that same West Shore business partner with threats of future litigation.

The full extent of your unlawful misconduct and the damages you caused West Shore are unknown but will be discovered as West Shore's investigation continues and litigation, if needed, follows. For now, West Shore demands that you:

1.    Immediately stop violating your employment agreements by communicating with West Shore business partners, customers, contractors, consultants, vendors, or suppliers, including by sending communications like those you emailed to a West Shore business partner on September 15, 2023, at 1:25 pm and September 19, 2023, at 3:09 pm (the "September Communications");

2.    Immediately identify, isolate, sequester, preserve, and stop using, and produce to me by September 25, 2023, all documents and communications ("communications" for purposes of these requests include emails, text messages, and messages sent through any messaging application or website) between you and any West Shore business partner, customer, contractor, consultant, vendor or supplier that you initiated after your termination, such as the September Communications;

3.    Immediately identify, isolate, sequester, preserve, and stop using, and produce to me by September 25, 2023, all West Shore confidential information (as defined in the agreements enclosed herewith) you possess, including the photographs and notes you referenced in your August 31, 2023, email to West Shore, any notebooks containing West Shore information, and all documents and communications reflecting to whom you transmitted the information, and what you and those to whom you transmitted the information did with it;

4.    Confirm, in writing to me by no later than September 25, 2023, that you will comply with the confidentiality and non-solicitation obligations included in your employment agreements enclosed herewith; and

5.    Immediately identify, isolate, sequester, and preserve all documents, communications, and electronically stored information relating to and/or reflecting



Mr. Bryan Chapman
September 21, 2023
Page 4

any other information related to the matters discussed herein, and produce to me all of the foregoing by no later than September 25, 2023.

* * *

I look forward to your prompt response to this correspondence.  Meanwhile, West Shore reserves all rights.

Sincerely,

Ari N. Rothman
*Counsel for West Shore Home, LLC*

Enclosures