## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEST SHORE HOME, LLC,**<br><br>       **Plaintiff,**<br>  **v.**<br><br>**BRYAN CHAPMAN,**<br><br>       **Defendants,** | **Civil Action No. 1:23-cv-01669-SHR**<br><br><br>**JURY DEMAND** |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bryan Chapman ("Chapman"), by and through undersigned counsel, respond to Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1.     Admitted in part and denied in part. It is admitted that West Shore Home, LLC ("West Shore") hired Chapman on January 18, 2023, as Vice President of Supply Chain. With respect to the allegation that Chapman had access to a wealth of confidential business information and trade secrets belonging to West Shore, those allegations call for a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

2.     Admitted in part and denied in part. It is admitted that West Shore terminated Chapman on August 25, 2023.  With respect to the allegation that Chapman revealed that he had misappropriated and misused West Shore's confidential business information and trade secrets, thereby: (a) breaching his

contractual obligations to stop using, and to return and delete, West Shore's confidential obligations to stop using, and return and delete, West Shore's confidential business information and trade secrets; and (b) violating federal and state law governing the misappropriation of trade secrets, those allegations call for a legal conclusion to which no response is required. To the extent a response is deemed required, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same

3.    Chapman is without sufficient information to form a belief as to the truth of the factual allegations of paragraph 3. With respect to the allegation that Chapman then attempted to extort West Shore by threatening to disclose West Shore's confidential information and trade secrets, and to disseminate false information about West Shore to its business partners, Confidential Vendor 2 referenced below, and the public, those allegations call for a legal conclusion to which no response is required. With respect to the allegation that Chapman actually disclosed false information to that competitor, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

4.    Admitted in part and denied in part. It is admitted that Chapman sent an email to West Shore's counsel stating, "I may not be able to win a legal battle with West Shore, but I can make sure we both lose in the eye of the public." The remainder of the allegations in paragraph 4 call for a legal conclusion to which no

response is required.

## PARTIES

5.    Upon information and belief, admitted.

6.    Admitted.

## JURISDICTION AND VENUE

7.    Admitted.

8.    Admitted.

9.    The allegations of paragraph 9 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, admitted.

10.    The allegations of paragraph 10 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, admitted.

## FACTS COMMON TO ALL COUNTS

11.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 11 and therefore deny the same.

12.    With respect to the allegations of paragraph 12, Chapman admits the home remodeling industry is a competitive one and that it can present supply chain challenges. Chapman is without sufficient information to form a belief as to the cause of those challenges and regarding the experiences of other companies in the industry in obtaining needed resources and therefore deny the allegations regarding the same.  To the extent paragraph 12 purports to offer the alleged characteristics of

the industry as an explanation for Plaintiff's alleged practices and policies described in paragraph 11, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

13.    With respect to the allegations of paragraph 13, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations made in paragraph 13 set forth legal conclusions to which no response is required.

14.    Admitted.

15.    Admitted that during his employment, Chapman served as Vice President of Supply chain. With respect to the remaining allegations in paragraph 17, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

16.    With respect to the allegations of paragraph 16, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations made in paragraph 16 set forth legal conclusions to which no response is required.

17.    Admitted in part and denied in part. It is admitted that as Vice President of Supply Chain, Chapman regularly attended and participated in private company meeting and phone calls and that Chapman maintained a notebook in which he took notes during these meetings. With respect to the remaining allegations in paragraph

17, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations made in paragraph 17 set forth legal conclusions to which no response is required.

18.    Admitted in part and denied in part. It is admitted that Chapman executed the referenced agreement. The alleged agreement is a document that speaks for itself and Chapman denies all allegations to the extent they conflict therewith. It is denied that Chapman recognized access to West Shore's Confidential Information and Trade Secrets. To the extent the allegations made in paragraph 18 set forth legal conclusions to which no response is required.

19.    The alleged agreement is a document that speaks for itself and Chapman denies all allegations to the extent they conflict therewith. To the extent the allegations made in paragraph 19 set forth legal conclusions to which no response is required.

20.    Chapman is without sufficient information to form a belief as to the truth of the factual allegations of paragraph 20. To the extent a response is deemed required, denied.

21.    Denied.

22.    With respect to the allegations of paragraph 22, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

23.    With respect to the allegations of paragraph 23, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations made in paragraph 23 set forth legal conclusions to which no response is required.

24.    With respect to the allegations of paragraph 24, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations of paragraph 24 set forth legal conclusions to which no response is required.

25.    With respect to the allegations of paragraph 25, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations of paragraph 25 set forth legal conclusions to which no response is required.

26.    Admitted that West Shore provided a termination letter to Chapman. The alleged termination letter is a document that speaks for itself and Chapman denies all allegations to the extent they conflict therewith. To the extent the allegations of paragraph 26 set forth legal conclusions to which no response is required.

27.    Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations of paragraph 27 set forth legal conclusions to which no response is required.

28.    Denied.

29.    Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

30.    Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

31.    Admitted in part and denied in part. It is admitted that on September 21, 2023, West Shore, through counsel, sent a cease-and-desist letter to Chapman that is attached as Exhibit 2 to Plaintiff's Complaint. The alleged cease and desist letter is a document that speaks for itself and Chapman denies all allegations to the extent they conflict therewith. It is denied that Chapman has provided no documents, photographs, notebook, or any confirmation that he has ceased his illegal activities and complied with his Agreement. On or about November 6, 2023 Chapman, through counsel provided documents, photographs and a notebook related to his employment with West Shore and otherwise provided assurances that he is abiding by the terms of his employment agreement. To the extent the allegations of paragraph 31 set forth legal conclusions to which no response is required. Chapman denies the remainder of the allegations in paragraph 31.

32.    To the extent the allegations of paragraph 32 set forth legal conclusions to which no response is required. To the extent the allegations in paragraph claim that Chapman defamed West Shore, those allegations are denied. To the extent that

Chapman may have disclosed West Shore's Confidential Information and Trade Secrets, those allegations are denied. As to the remainder of the allegations in paragraph 32, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

33.    With respect to the allegations of paragraph 33, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same.

34.    Admitted.

35.    With respect to the allegations of paragraph 35, Chapman is without sufficient information to form a belief as to the truth of those allegations and therefore deny the same. To the extent the allegations of paragraph 35 set forth legal conclusions to which no response is required.

36.    To the extent the allegations of paragraph 36 set forth legal conclusions to which no response is required. To the extent a response is required, denied.

37.    Denied. Since the filing of this Complaint and through his counsel, Chapman has been in contact with counsel for West Shore in an attempt to abide by the terms of his Employment Agreement. To the extent the allegations of paragraph 37 set forth legal conclusion to which no response is required. To the extent a response is required, denied.

38.    To the extent the allegations of paragraph 38 set forth legal conclusions

to which no response is required.

**COUNT I**
**Misappropriation of Trade Secrets**
**Violation of Defend Trade Secrets Act of 2016**
**(18.S.C §§ 1831 *et seq.*)**

39.    Chapman responds to the allegations of paragraph 39 consistent with his responses to the remainder of the paragraphs of the Complaint.

40.    Admitted that Chapman had access to certain information as alleged in paragraph 40. With respect to the allegation that such information constituted confidential and/or trade secret information, those allegations call for a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

41.    The allegations of paragraph 41 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

42.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 42 and therefore deny the same.

43.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 43 and therefore deny the same.

44.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 44 and therefore deny the same.

45.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 45 and therefore deny the same. To the extent

the allegations of paragraph 45 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

46.    The allegations of paragraph 46 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

47.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 47 and therefore deny the same. The allegations of paragraph 47 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

48.    The alleged Agreement as mentioned in paragraph 48 is a document that speaks for itself and Chapman denies all allegations to the extent they conflict therewith.

49.    The allegations of paragraph 49 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

50.    The allegations of paragraph 50 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 54 and therefore deny the same.

55.    Denied.

56.    Denied.

57.    Denied.

58.    The allegations of paragraph 58 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

59.    The allegations of paragraph 59 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

60.    The allegations of paragraph 60 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

## COUNT II
## Misappropriation of Trade Secrets
## Violation of Pennsylvania Uniform Trade Secrets Act
## (12 Pa. Cons. Stat. §§ 5301 *et seq.*)

61.    Chapman responds to the allegations of paragraph 61 consistent with the remainder of his responses to the remainder of the paragraphs of the Complaint.

62.    Admitted that Chapman had access to certain information as alleged in paragraph 62.  With respect to the allegation that such information constituted confidential and/or trade secret information, those allegations call for a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

63.    The allegations of paragraph 63 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

64.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 64 and therefore deny the same.

65.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 65 and therefore deny the same.

66.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 66 and therefore deny the same.

67.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 67 and therefore deny the same. To the extent the allegations of paragraph 67 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

68.    The allegations of paragraph 68 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

69.    The allegations of paragraph 69 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

70.    The allegations of paragraph 70 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

71.    The allegations of paragraph 71 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 75 and therefore deny the same.

76.    Denied.

77.    Denied.

78.    Denied.

79.    The allegations of paragraph 79 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

80.    The allegations of paragraph 80 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

81.    The allegations of paragraph 81 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

## COUNT III
## Breach of Contract

82.    Chapman responds to the allegations of paragraph 82 consistent with the remainder of his responses to the remainder of the paragraphs of the Complaint.

83.    Admitted that Chapman executed the Agreement. The remainder of the allegations of paragraph 83 set forth a legal conclusion to which no response is required.

84.    The referenced document speaks for itself and Chapman denies all allegations to the extent they conflict therewith.

85.    The referenced document speaks for itself and Chapman denies all allegations to the extent they conflict therewith.

86.    The referenced document speaks for itself and Chapman denies all allegations to the extent they conflict therewith.

87.    The allegations of paragraph 87 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    The referenced document speaks for itself and Chapman denies all allegations to the extent they conflict therewith. The remainder of the allegations of paragraph 92 set forth a legal conclusion to which no response is required

93.    The allegations of paragraph 93 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

## COUNT IV
## Intentional Interference with Contractual Relationships

94.    Chapman responds to the allegations of paragraph 94 consistent with the remainder of his responses to the remainder of the paragraphs of the Complaint.

95.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 95 and therefore deny the same.

96.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 96 and therefore deny the same.

97.    Chapman is without sufficient information to form a belief as to the truth of the allegations of paragraph 97 and therefore deny the same.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

## COUNT V
## Defamation

106.    Chapman responds to the allegations of paragraph 106 consistent with the remainder of his responses to the remainder of the paragraphs of the Complaint.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.   Denied,

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim for Misappropriation of Trade Secrets Violation of Defend Trade Secret Act of 2016 (18 U.S.C. §§ 1831 *et seq.*) on which relief can be granted.

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim for Misappropriation of Trade Secrets Violation of Pennsylvania Uniform Trade Secret Act (12 Pa. Cons. Stat. §§ 5301 *et seq.*) on which relief can be granted.

### Third Affirmative Defense

Plaintiff's Complaint fails to state a claim for Breach of Contract on which relief can be granted.

### Fourth Affirmative Defense

Plaintiff's Complaint fails to state a claim for Intentional Interference with Contractual Relationships on which relief can be granted.

### Fifth Affirmative Defense

Plaintiff's Complaint fails to state a claim for Defamation on which relief can be granted.

### Sixth Affirmative Defense

The employment agreement between Plaintiff and Chapman is unreasonably broad in scope.

## **Seventh Affirmative Defense**

Plaintiff's claims are barred by the doctrine of waiver.

## **Eighth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

## **Ninth Affirmative Defense**

None of the emails, communications, correspondence or other allegedly misappropriated information on which Plaintiff's claims are based constitute protectable confidential information or trade secrets.

**WHEREFORE,** Chapman respectfully requests:

a. Judgement in his favor on each of Plaintiff's claims;

b. His costs and expenses incurred herein; and

**c.** Such other relief as the Court deems appropriate.

Respectfully Submitted,

**J AVOLIO LAW PLLC**

*/s/ Jonathan Avolio, Esq.*
Jonathan Avolio, Esquire
100 S. Juniper St., 3rd Fl.
Philadelphia, PA 19107
javolio@javoliolaw.com
(215) 630-8811
*Attorneys for the Defendant*

## **CERTIFICATE OF SERVICE**

I, Jonathan Avolio, hereby certify that on this 22nd Day of November, 2023, I served a copy of the foregoing on all counsel of record through the Court's electronic filing system.

*/s/ Jonathan Avolio_____*
Jonathan Avolio
*Attorney for Defendant*

## **VERIFICATION**

I, Bryan Chapman, being older than 18 years of age, hereby declare that I am Defendant in the above captioned litigation. I have read the Answer and know the factual contents thereof. I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true to the best of my knowledge.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on November 22, 2023, at Ashland, Missouri
                                                (city)        (state)

Bryan Chapman