UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEST SHORE HOME, LLC,<br><br>        Plaintiff<br><br>    v.<br><br>BRYAN CHAPMAN,<br><br>        Defendants. | CIVIL ACTION NO. 1:23-CV-1669<br><br>(MEHALCHICK, J.) |

**ORDER**

      This action for misappropriation of trade secrets and breach of contract was filed by West Shore Home LLC ("West Shore") against Bryan Chapman ("Chapman") on October 6, 2023. (Doc. 1). Before the Court are five motions to file documents under seal filed by the parties in this case. (Doc. 19; Doc. 20; Doc. 27; Doc. 30; Doc. 31). Upon inspection of the motions, it appears as though these documents are responsive to each other. Doc. 19 is a motion to seal filed by Chapman, with placeholders for documents to be filed at a later date, whereas Doc. 20 is the same motion filed again by Chapman under seal with a brief in support of the motion to seal and a proposed Order. In the brief attached to Doc. 20, Doc. 20-1, Chapman states that he seeks to file under seal a motion to stay this litigation until the completion of an FBI investigation against him. (Doc. 20-1). The investigation appears to be related to West Shore's claims. (Doc. 20-1, ¶ 7).

      Doc. 27 is an unopposed motion filed by West Shore seeking leave of Court to file a challenge to the confidentiality designation Bryan Chapman affixed to Doc. 19 pending the Court's decision on Chapman's motion to seal his motion to stay these proceedings. Doc. 30 is a motion for leave to file documents under seal which respond to West Shore's challenge

to Chapman's confidentiality designation, or Doc. 27. Doc. 31 is the same as Doc. 30, filed under seal.[1]

Upon review of the parties' filings, the Court understands the motion to be resolved at this juncture is Chapman's motion to seal his motion to stay. (Doc. 19). In response to this motion, the parties have filed briefs in support of their respective positions under seal. (Doc. 20-1; Doc. 25). After a review of these briefs, the Court concludes that Chapman's motion to seal must be denied. (Doc. 19; Doc. 20). Accordingly, the subsequent motions related to documents affixed to the motion to seal will be denied as moot. The Court's reasoning is as follows. (Doc. 27, Doc. 30, Doc. 31)

Documents filed with the Court are considered "judicial records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). There is a strong presumption for openness that disfavors the closing of judicial records. *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the presumption, a party seeking to have the records concealed from public view, or sealed, "must demonstrate that the material contains the type of information that courts will protect and that there is good cause for [the] order ...." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004); *see also Hatikvah Int'l Acad. Charter Sch. v. E. Brunswick Twp. Bd. of Educ.*, No. CV202382AETZNQ, 2020 WL 4448988, at *1 (D.N.J. Aug. 3, 2020). To demonstrate good cause, the party must establish they will suffer serious injury if the information they seek to seal is disclosed and that there are "compelling,

---

[1] The Court also reminds the parties to please ensure they are filing their motions and respective documents correctly, in accordance with the Local Rules.

countervailing interests to be protected." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In establishing such serious injury "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d at 673.

Chapman argues that his motion to stay should be sealed "due to harm [he] will suffer it [sic] the fact that he was the subject of an FBI investigation becomes public and he ends up not having any criminal charges filed against him. This harm includes reputational harm, emotional distress, and career issues." (Doc. 20-1, at 3). Beyond this, Chapman does not define his harm with any more specificity. (Doc. 20-1). He also has failed to file any law in support of his position, aside from a case in which the Court denied a motion to seal on what Chapman characterizes as "distinguishable facts." (Doc. 20-1, at 6). In response, West Shore argues that Chapman cannot overcome the strong presumption of disclosure and that he has failed to make any showing that his motion to stay will contain the type of information courts generally seek to protect. (Doc. 25, at 4). Further, West Shore avers that Chapman's motion is based on speculation and that his argument lacks a clearly defined injury. (Doc. 25, at 5).

"[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing" in the context of a motion to seal. *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). Here, Chapman has failed to demonstrate good cause or explain to the Court with specificity the harm he would suffer if not for this Court's grant of confidentiality. *Pansy*, 23 F.3d at 786. The harm he does cite, potential embarrassment and

reputational harm, is typically not of the sort protected on a motion to seal. *See Rose v. Rothrock,* No. CIV.A. 08-3884, 2009 WL 1175614, at *8 (E.D. Pa. Apr. 29, 2009) ("If mere embarrassment were enough, countless pleadings as well as other judicial records would be kept from public view."); *see also Gratz Coll. v. Synergis Educ. Inc.*, No. CV 14–06966, 2015 WL 9582743, at *3 (E.D. Pa. Dec. 30, 2015). Additionally, Chapman has made no showing that the material he seeks to file under seal is the "kind of information that courts will protect." *Luna v. Palka*, No. 3:23-CV-1657, 2024 WL 1704900, at *3 (M.D. Pa. Apr. 19, 2024) (internal citations omitted). He has also failed to point the Court to any caselaw that is supportive of his position. For these reasons, Chapman's motion to seal his motion to stay proceedings must be denied. (Doc. 19; Doc. 20). In denying Chapman's motion to seal, the additional pending motions are rendered moot, as they seek relief pending the resolution of Chapman's first motion to seal. (Doc. 27; Doc. 30; Doc. 31).

**AND NOW**, this 26th day of November, 2024, **IT IS HEREBY ORDERED** that Chapman's motion to seal his motion to stay is **DENIED**. (Doc. 19; Doc. 20). The Clerk of Court is directed to unseal all motions. The additional pending motions are **DENIED without prejudice** as **MOOT**. (Doc. 27; Doc. 30; Doc. 31). If there are any additional documents the parties believe should be filed under seal beyond this motion, consistent with the legal standards articulated in this Memorandum, each party may file a motion in accordance with the Local Rules.

BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**
